## ROSE v. RENTON.

*(City Court of New York, General Term.   March 23, 1891.)*

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—PREFERENCES.
   An assignment for the benefit of creditors is not invalid because it makes an excessive preference, under Laws N. Y. 1887, c. 503, § 30, which provides that, in general assignments, any preference created therein "shall not be valid except to the amount of one-third in value of the assigned estate left after deducting * * * the costs and expenses of executing the trust;" such preferences being invalid only as to the excess.

2. GROUNDS FOR ATTACHMENT.
   Such an assignment gives no ground for attachment against the assigning debtor's property.

Appeal from special term.

Argued before EHRLICH, C. J., and MCGOWN and VAN WYCK, JJ.

*Ira B. Stewart,* for appellant.   *M. L. Harney,* for respondent.

VAN WYCK, J.   This is an appeal from an order denying a motion made on the warrant, and affidavits upon which it was granted, to vacate the same. The warrant recites that "defendant has disposed of his property with intent to cheat and defraud his creditors, upon which ground this attachment is granted."   The averments in the affidavits are that defendant has assigned and disposed of his property with intent to cheat and defraud his creditors, and that the facts and circumstances in relation to said assignment are as follows:   That defendant executed a general assignment of all his property to Henry Wellington, and that by said assignment he made preference to the extent of $2,104, and that the property so assigned did not exceed in value the sum of $2,500, and that deponent was informed by his counsel and believes that such assignment is null and void, for the reason that the same does not conform to the statutes in such cases made and provided, in that the same makes preferences to an extent larger than one-third of the assets of the assignor.   The objection of the plaintiff to the notice of motion was without merit, and was properly overruled at special term, and it is so recited in the order; and, as defendant has not appealed from the order or any part thereof, he is precluded from seeking its review in reference to such recital upon this, an appeal by defendant.   Hence is squarely presented the consideration of the question whether an assignment which gives preferences in excess of one-third of the assigned assets is a disposing of his property by an assignor with intent to cheat or defraud his creditors, and for this reason giving grounds of attachment against his property; or whether under the act of 1887, c. 503, the assignment is valid, and merely the excessive preference is declared to be invalid.

No authority has been cited which directly considers or determines this question, but the court of appeals has given such a construction to chapter 328, Laws 1884, (which provides "that wages and salaries due employes shall be preferred,") as will lead to an intelligent determination of this appeal.   In that case (*Richardson* v. *Thurber,* 104 N. Y. 606, 11 N. E. Rep. 133) it was held that the instrument of assignment was not rendered void by the omission to insert therein a clause giving such preference; that the instrument was to be read in connection with the statute of 1884, as if that provision of the act formed a part of it, so that the statutory preference would be impressed upon the trust fund in the hands of the assignee.   The final judgment in the *Richardson Case* was for the affirmance of a judgment sustaining demurrer to the complaint of a judgment creditor, seeking to set aside an assignment on the ground that, as it contained no preference for the wages known to be due employes, the assignor had violated the express provisions of the act of 1884.   Judge FINCH, in writing for affirmance in the *Richardson Case,* frankly admits that "the question is so close and evenly divided as to

have produced conflicting opinions in the supreme court, and drifted very able judges into disagreement;" and with commendable boldness adds, "the principal merit of our judgment upon the question will be that it is final, and settles the rule to be observed,"—which clearly indicates that the court of appeals assumes the full responsibility of its authority as the final arbiter of disputed questions of law, and expects to receive, as it should receive, that willing and respectful obedience from courts of subordinate jurisdiction which alone can lead to the firm establishment of an harmonious system in the administration of justice that will command the respect of all. Section 30, Laws 1887, which plaintiff contends that defendant has violated, in that he has given preferences clearly in excess of the one-third limit thereby fixed, provides as follows: "In all general assignments of the estates of debtors for the benefit of creditors, hereafter made, any preference created therein (other than the wages or salaries of employes) shall not be valid except to the amount of one-third in value of the assigned estate left after deducting such wages or salaries, and the costs and expenses of executing such trust."

Even if this statute had gone no further, still, in giving full force to the rule laid down in the *Richardson Case* that the statute should be read with and as a part of the assignment, the conclusion must be reached that there is no intention in the act to declare that an assignment shall be void simply because it gives preferences in excess of the one-third limit; for it is expressly provided in the act that the preference is not to be *in toto* invalid, for it says that the "preference shall not be valid except as to the amount of one-third of the assigned estate," which, of course, is simply saying that the preference shall be valid to the amount of the one-third limit; and hence by what process of reasoning can the conviction be reached that the excessive preference is by the act itself reduced to the one-third limit, and at that limit declared valid, and at the same time conclude that the assignment is void? It is the very instrument creating the excessive preference which the act reduces to the one-third limit, and as so reduced declares to be valid. However, the act does not stop here, but, anticipating the existence of just such a condition of affairs as is complained of by this plaintiff, continues to make provision as to how an assignee shall execute his trust, and distribute the assets under an assignment which gives preferences greatly in excess of the one-third limit; for the same section continues as follows: "And should said one-third of the assets of the assignor or assignors be insufficient to pay in full the preferred claims to which, under the provisions of this section, the same are applicable, then said assets shall be applied to the payment of each of said preferred claims." This last provision certainly contemplates the execution of the trust by the assignee, and clearly negatives any contention that the assignment is void, or that the defendant assignor has thereby disposed of his property with intent to cheat and defraud his creditors. Order reversed, with costs.

All concur.